IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NNENNA LEWIS,

      Plaintiff,

                                3:11-CV-1546-PK

v.

                                FINDINGS AND
                                RECOMMENDATION

ASSET ACCEPTANCE, LLC, and
HARRINGTON, ANDERSON &
DEBLASIO, LLC,

      Defendants.

PAPAK, Magistrate Judge:

      Plaintiff Nnenna Lewis filed this Fair Debt Collection Practices Act action against

defendants Asset Acceptance, LLC ("Acceptance"), and Harrington, Anderson & DeBlasio, LLC

("Harrington"), on December 27, 2011. This court has federal-question jurisdiction over Lewis'

claim under 28 U.S.C. § 1331.

      On January 27, 2012, Defendants moved to dismiss Lewis' claim and, in the alternative,

to strike certain allegations from Lewis' complaint. In response to defendants' motion, Lewis

Page 1 - FINDINGS AND RECOMMENDATION AND ORDER

filed a First Amended Complaint, by and through which she amended the factual allegations of her pleading to add more supporting detail, but did not modify either the gravamen of her claim or her theory of defendants' liability. Lewis did not otherwise respond to defendants' motion. Despite the fact that Lewis had filed no legal memorandum in opposition to defendants' motion, defendants filed a memorandum styled as a "reply" in support of their motion on February 27, 2012. On March 5, 2012, I construed defendants' reply memorandum as an independent motion to dismiss Lewis' amended complaint, and set both the filed motion of January 27, 2012, and the constructive motion of February 27, 2012, on the court's oral argument calendar of April 3, 2012.

Now before the court, therefore, are defendants' filed motion (#6-1) to dismiss for failure to state a claim, defendants' alternative motion (#6-2) to strike, and defendants' constructive motion (#11) to dismiss for failure to state a claim. I have considered the motions, oral argument on behalf of the parties, and all of the pleadings and papers on file. For the reasons set forth below, defendants' filed motion (#6-1) to dismiss should be denied as moot, defendants' constructive motion (#11) to dismiss should be denied, and defendants' alternative motion (#6-2) to strike should be denied.

## LEGAL STANDARD

### I.    Motion to Dismiss

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts

that merely creates a suspicion [of] a legally cognizable right of action." *Id., quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a).  Instead, the plaintiff must plead affirmative factual content, as opposed to any merely conclusory recitation that the elements of a claim have been satisfied, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), *citing Iqbal*, 129 S. Ct. at 1949.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  The court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## II.    **Motion to Strike**

Federal Civil Procedure Rule 12 provides that the district courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"

on their own initiative or pursuant to a party's motion. Fed. R. Civ. P. 12(f). The disposition of a

motion to strike is within the discretion of the district court. *See Federal Sav. & Loan Ins. Corp.*

*v. Gemini Management*, 921 F.2d 241, 244 (9th Cir. 1990). Motions to strike are disfavored and

infrequently granted. *See Stabilisierungsfonds Fur Wein v. Kaiser, Stuhl Wind Distribs. Pty.,*

*Ltd.*, 647 F.2d 200, 201, 201 n.1 (D.C. Cir. 1981); *Pease & Curren Refining, Inc. v. Spectrolab,*

*Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990), abrogated on other grounds by *Stanton Road Ass'n*

*v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993).

## FACTUAL BACKGROUND

In support of her claim against defendants, by and through her amended complaint Lewis

alleges as follows:

9.  Within the last year, Defendants took multiple actions in an attempt to collect a debt from Plaintiff. Defendants' conduct violated the FDCPA in multiple ways, including the following.

10. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including Defendant [Harrington] failing to send the notices required by ORS 18.658 for the most recent garnishment of Plaintiff's wages, which was issued by Multnomah County Circuit Court on January 26, 2011. **Said Writ of Garnishment indicates that Defendant instead sent the notices to 4615 NE Rodney Ave, an address that has not belonged Plaintiff since 2008. Both Defendants knew or should have known that Plaintiff's address had changed** because Plaintiff sent multiple letters to both Plaintiffs, beginning in 2008, all of which clearly indicated her current address of 9211 N. Macrum (§ 1692f)).

11. Plaintiff did not receive the ORS 18.658 notice of garnishment for the garnishment issued to Defendant [Acceptance] on January 26, 2011, because she does not live at that address.

12. Plaintiff believes that had she received the documents required by ORS 18.658, Plaintiff would have been more likely to challenge the garnishment against her because she would have been better aware of her rights with respect to challenging the garnishment and would have

received a pre-filled form for filing an objection.

13.    The purpose of ORS 18.658's existence is to ensure that debtors are informed of basic information pertaining to garnishments and the types of property which are exempt from garnishment. **Depriving a consumer of this information by sending the information to an address known to be false is an unfair and unconscionable act.**

14.    As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15.    Defendants intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

16.    Defendants' actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

17.    To the extent Defendants' actions, detailed in paragraphs above, were carried out by an employee of either Defendant, that employee was acting within the scope of his or her employment.

Amended Complaint, ¶¶ 9-17 (emphasis supplied).

## ANALYSIS

Defendants move to dismiss Lewis' claims on the grounds that Lewis has failed to allege sufficient facts in support of her allegation that defendants used "unfair or unconscionable" means in attempting to collect a debt from Lewis. In the alternative, defendants assert that the allegations of Paragraph 15 of Lewis' complaint, alleging that defendants intended to cause Lewis to suffer mental anguish by sending the notice of garnishment to an obsolete address, should be stricken from Lewis' pleading.

**I.    Filed Motion (#6-1) to Dismiss Lewis' Original Complaint**

As a preliminary matter, just as Lewis' First Amended Complaint necessarily supercedes

her originally filed complaint in its entirety, by operation of law, *see, e.g., Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), so too should defendants' constructive motion to dismiss Lewis' amended complaint supercede defendants' filed motion to dismiss Lewis' originally filed complaint.  The court should therefore deny defendants' filed motion (#6-1) to dismiss as moot, and should treat the arguments raised in the memorandum in support thereof as though incorporated by reference into the memoranda supporting defendants' constructive motion (#11) to dismiss.

## II.    Constructive Motion (#11) to Dismiss Lewis' First Amended Complaint

According to the allegations of Lewis' First Amended Complaint, in the course of attempting to garnish Lewis' wages for the purpose of collecting a debt, defendants intentionally sent a packet of garnishment documents not to Lewis' then-current address, but rather to an address that defendants either knew or should have known was no longer her address.  Under Oregon's statutory scheme governing the execution of judgments, "garnishment is the procedure by which a creditor invokes the authority of a circuit court, justice court or municipal court to acquire garnishable property of a debtor that is in the possession, control or custody of a person other than the debtor." Or. Rev. Stat. 18.602.  Oregon law expressly provides that "[g]arnishment may be used to acquire garnishable property for application against . . . [a] judgment requiring the payment of money that has been entered in the register of a circuit court . . . ." Or. Rev. Stat. 18.605(1).  The writ may be issued by any member of the Oregon State Bar for the purpose of enforcing a circuit court's money judgment.  *See* Or. Rev. Stat. 18.635(3)(a).  "A writ of garnishment is valid only if the writ is delivered [to the garnishee] not more than 60 days after the writ is issued." Or. Rev. Stat. 18.609(1).

Page 6 - FINDINGS AND RECOMMENDATION AND ORDER

Or. Rev. Stat. 18.658 provides as follows:

(1) **Following delivery of a writ of garnishment to a garnishee, the person who delivered the writ must mail or deliver promptly the following documents to the debtor whose property is being garnished** by the writ:

    (a)    A copy of the writ of garnishment.

    (b)    The original of the debt calculation form.

    (c)    A notice of exemptions form in substantially the form provided by ORS 18.845.

    (d)    A challenge to garnishment form in substantially the form provided by ORS 18.850, with the names and addresses of the garnishor and garnishee entered by the garnishor.

(2) A person serving a writ of garnishment may meet the requirements of subsection (1) of this section by mailing the documents to the address of the debtor that appears in the writ of garnishment. If an address for the debtor does not appear in the writ, the person serving the writ need not comply with subsection (1) of this section.

Or. Rev. Stat. 18.658 (emphasis supplied).[1]

It is Lewis' position that defendants' alleged conduct in sending a writ of garnishment of her wages to an address that defendants either knew or should have known was no longer her address constituted an "unfair or unconscionable" practice in violation of 15 U.S.C. § 1692f.

Section 1692f provides as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1)    The collection of any amount (including any interest, fee, charge,

---

[1] As the parties have not offered into evidence the writ of garnishment at issue here, it is not possible to determine whether the address to which defendants allegedly sent the garnishment documents appears in the writ.

or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2)     The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3)     The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4)     Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5)     Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6)     Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

    (A)     there is no present right to possession of the property claimed as collateral through an enforceable security interest;

    (B)     there is no present intention to take possession of the property; or

    (C)     the property is exempt by law from such dispossession or disablement.

(7)     Communicating with a consumer regarding a debt by post card.

(8)     Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f.  It being undisputed that defendants' alleged wrongful conduct implicates none of the prohibited conduct enumerated in Subsections (1) through (8) of the statute, the sole legal issue raised by defendants' motion is whether sending a garnishment notice to an address that a debt collector knows (or should know) is no longer the subject debtor's address can constitute an "unfair or unconscionable means to collect or attempt to collect a[] debt" for purposes of Section 1692f.

"The statute does not define 'unfair' or 'unconscionable.'"  *Daley v. A & S Collection Assocs., Inc.*, 717 F. Supp. 2d 1150, 1156 (D. Or. 2010).  In response to the argument that a debt collector's violation of the Fair Credit Reporting Act could give rise to an unenumerated cause of action under Section 1692f, Judge Stewart opined in *Daley* that, in the Ninth Circuit, violation of a federal law other than the FDCPA does not "violate the § 1692(f) prohibition on unfair and unconscionable means to collect or attempt to collect a debt" where such other federal law provides remedial measures for such violations.  *Id.* at 1156.  Relying on Judge Stewart's reasoning in *Daley*, defendants argue that, here, the court should find (i) that Oregon statutory law provides remedial measures for violation of Section 18.658, (ii) that Judge Stewart's reasoning, facially applicable only to the violation of federal law providing remedial measures, should apply with equal force to the violation of state law providing remedial measures, including to the violation of Oregon statutory law governing garnishment, and (iii) that, in consequence, violation of Section 18.658 cannot give rise to a cause of action under Section 1692f.  I find defendants' argument unpersuasive.

In reaching her holding that violation of the Fair Credit Reporting Act did not give rise to

a cause of action under Section 1692f, Judge Stewart expressly relied solely on the Ninth

Circuit's decision and reasoning in *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir.

2002). *See id.* at 1156-1157. In *Walls*, the Ninth Circuit held that a debtor could not state a

claim under Section 1692f premised upon violation of 11 U.S.C. § 524, "which provides that

discharge under Title 11 of the Bankruptcy Code operates as an injunction against collecting debt

as a personal liability of the debtor." *Walls*, 276 F.3d at 504. The Ninth Circuit concluded that

attempting to collect a debt in violation of Section 524 did not give rise to a cause of action under

Section 1692f on the express ground that Congress had clearly intended, in enacting the

Bankruptcy Code, to set forth an *exhaustive* remedial scheme:

> There is no escaping that [the *Walls* plaintiff's] FDCPA claim is based on an
> alleged violation of [11 U.S.C.] § 524. As the district court noted, **this**
> **necessarily entails bankruptcy-laden determinations**. Were her payments
> "voluntary" under § 524(f)? Was she required to enter into a reaffirmation
> agreement pursuant to § 524(c)? How much of a free ride did her "ride through"
> under *[In re] Parker*[, 139 F.3d 668, 672-73 (9th Cir. 1998)] afford? The
> Bankruptcy Code provides its own remedy for violating § 524, civil contempt
> under § 105. To permit a simultaneous claim under the FDCPA would allow
> through the back door what [the *Walls* plaintiff] cannot accomplish through the
> front door -- a private right of action. **This would circumvent the remedial**
> **scheme of the Code under which Congress struck a balance between the**
> **interests of debtors and creditors by permitting (and limiting) debtors'**
> **remedies for violating the discharge injunction to contempt. "A mere browse**
> **through the complex, detailed, and comprehensive provisions of the lengthy**
> **Bankruptcy Code demonstrates Congress's intent to create a whole system**
> **under federal control which is designed to bring together and adjust all of**
> **the rights and duties of creditors and embarrassed debtors alike."** *MSR*
> *Exploration[, Ltd. v. Meridian Oil, Inc.]*, 74 F.3d [910,] 914 [(9th Cir. 1996)]
> (state law malicious prosecution claim based on bankruptcy filings preempted).
> **Nothing in either Act persuades us that Congress intended to allow debtors**
> **to bypass the Code's remedial scheme when it enacted the FDCPA.** While the
> FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the
> debtor's protection and remedy remain under the Bankruptcy Code. *See Kokoszka*
> *v. Belford*, 417 U.S. 642, 651, 41 L. Ed. 2d 374, 94 S. Ct. 2431 (1974).

*Id.* at 510 (emphasis supplied; internal modifications omitted). Analysis of Oregon statutory law governing the issuance of writs of garnishment establishes that the Ninth Circuit's reasoning in *Walls*, and therefore also Judge Stewart's conclusion in *Daley*, is inapplicable to violation of Section 18.658.

Although Lewis opposed defendants' motion in significant part on the ground that Oregon statutory law provides for no cause of action to remedy violation of Section 18.658, defendants for the first time asserted that such a private right of action exists, not in their reply memorandum in support of their motion, but rather at oral argument on the motion. Oregon statutory law governing challenges to garnishment by debtors is codified at Or. Rev. Stat. 18.700 through 18.718. Of these provisions, only one could colorably be interpreted as either giving rise to or even contemplating the possibility of a private cause of action to remedy a violation of the Section 18.658 delivery requirements, namely, Or. Rev. Stat. 18.715(2). Pursuant to Section 18.715(2), a court:

> shall order a creditor to return any property that is garnished under a writ of garnishment and that was exempt from garnishment or not subject to garnishment, and **shall order the creditor to pay a penalty of $200 to the debtor in addition to all costs and reasonable attorney fees incurred by the debtor in recovering the property and penalty, if:**
>
> (a) **The creditor is the garnishor and fails to provide in the writ any address for the debtor that is known to the creditor;** or
>
> (b) The creditor is not the garnishor and fails to provide to the garnishor any address for the debtor that is known to the creditor.

Or. Rev. Stat. 18.715(2). The remedy of Section 18.715(2) constitutes the sole remedy provided to debtors for violation of the delivery requirements imposed on debtors under Section 18.658. *See* Or. Rev. Stat. 18.700 *et seq.* Assuming without deciding that Lewis could have invoked the

Page 11 - FINDINGS AND RECOMMENDATION AND ORDER

remedies provided for in Section 18.715(2) in the course of a challenge to defendants' writ of garnishment, however, the Oregon legislature expressly specified that "[t]he imposition of sanctions under [Section 18.715] *does not limit any remedy otherwise available to the . . . debtor.*" Or. Rev. Stat. 18.715(3) (emphasis supplied). That is, by marked contrast with the Bankruptcy Code, Oregon's garnishment scheme expressly contemplates that other available remedies are not displaced by the availability of the remedies provided for in Section 18.715. Because Oregon's statutory scheme governing garnishment is expressly intended not to displace other available remedies, under *Walls* there is no obstacle to concluding that violation of Section 18.658 could give rise to a cause of action under Section 1692f.

In the alternative to their argument that, under *Daley*, a Section 1692f cause of action is unavailable to remedy a debt collector's violation of 18.658, defendants argue that Lewis' allegations in support of her claim do not support the conclusion that defendants' alleged violation of Section 18.658 was unfair or unconscionable. I disagree. Lewis has not alleged that defendants merely erred by sending the Section 18.658 notice to an address of record that happened to be incorrect. Instead, Lewis has expressly alleged that defendants knew or should have known that the address to which they sent the garnishment documents was the incorrect address at the time they sent the documents, and that they nevertheless intentionally elected to send the garnishment packet to the wrong address. The delivery requirements of Section 18.658 are clearly intended for the protection of debtors, and to ensure that debtors subject or potentially subject to garnishment are advised of their rights in connection with a writ of garnishment prior to enforcement of the writ. If a debt collector were knowingly to deprive a debtor of the benefits and protections of the delivery requirements of Section 18.658 by intentionally sending the

statutorily required information to an incorrect address, that debt collector would thereby knowingly abrogate the debtor's statutory rights. Furthermore, if the practice of intentionally failing to send Section 18.658 documents to a debtor's correct address would patently constitute an unfair business practice whenever its consequence was to deprive a debtor with a valid challenge to garnishment of the opportunity to make a timely challenge, the practice is necessarily no less unfair under circumstances where the debtor cannot claim actual resulting harm. A lie does not cease to be a falsehood merely by virtue of being disbelieved, and an attempt to arrogate to oneself an unfair advantage does not become fair simply because it fails to succeed. I therefore conclude that Lewis has adequately stated a claim for violation of Section 1692f by and through the allegations of her First Amended Complaint.

Moreover, I note that the foregoing conclusion does not create the risk, highlighted in defendants' briefing, that "every potential mistake by a creditor" could be improperly twisted into a "violation of the Fair Debt Collection Practices Act" giving rise to a Section 1692f claim. The FDCPA expressly provides that "[a] debt collector may not be held liable in any action brought under [15 U.S.C. §§ 1692 to 1692p] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). While the safe haven created by Section 1692k is unavailable to defendants in connection with their motion to dismiss, in the event defendants are able to establish through evidence that their violation was the result of *bona fide* error, they will not face any liability in consequence of their violation.

Finally, defendants argue that Lewis has not stated a claim under Section 1692f because

Page 13 - FINDINGS AND RECOMMENDATION AND ORDER

she has not alleged that she suffered any harm in consequence of defendants' alleged violation of Section 18.658. In particular, defendants note, Lewis has not alleged that she would have challenged the garnishment of her wages had she received the garnishment notice at the correct address, or that, had she made any such challenge, her challenge would have been successful. While defendants are correct that Lewis has made no such allegations, her omission is entirely immaterial, as actual damages are not an element of a claim under Section 1692f. *See* 15 U.S.C. 1692f.

For the foregoing reasons, I conclude that Lewis has stated a claim under 15 U.S.C. § 1692f premised on defendants' alleged violation of Or. Rev. Stat. 18.658. Defendants' construed motion (#11) to dismiss Lewis' Section 1692f claim should therefore be denied.

## III.    Alternative Motion (#6-2) to Strike

In the alternative to dismissal of Lewis' Section 1692f claim, defendants move that Paragraph 15 of Lewis' pleading be stricken. Paragraph 15 of Lewis' First Amended Complaint provides as follows:

> Defendants intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

First Amended Complaint, ¶ 15. Defendants take the position that this language should be stricken on the grounds that Lewis alleged no facts from which a finder of fact could infer that defendants intended to cause Lewis to suffer emotional distress in consequence of their allegedly knowing violation of Section 18.658.

I agree with the defendants that the allegation of Paragraph 15 is by its nature necessarily more speculative than expositional. However, the speculative nature of the allegation does not

provide grounds for striking it from Lewis' complaint. *See* Fed. R. Civ. P. 12(f). Defendants' alternative motion (#6-2) to strike should therefore be denied.

## CONCLUSION

For the reasons set forth above, defendants' filed motion (#6-1) to dismiss should be denied as moot, defendants' constructive motion (#11) to dismiss should be denied, and defendants' alternative motion (#6-2) to strike should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 6th day of April, 2012.

Honorable Paul Papak
United States Magistrate Judge