IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NNENNA LEWIS,

    Plaintiff,

v.

HARRINGTON, ANDERSON &
DEBLASIO, LLC,

    Defendant.

No. 3:10-cv-00964-MO

JURY INSTRUCTIONS

**JURY INSTRUCTIONS**

DATED: This ____ day of September, 2013.

MICHAEL W. MOSMAN
United States District Judge

## Instruction No. 1

## INTRODUCTION

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## Instruction No. 2

### BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## Instruction No. 3

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are received into evidence; and
3. any facts to which the lawyers have agreed.

## Instruction No. 4

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their closing arguments and have said in their opening statements and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; if I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Instruction No. 5

### EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I have instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

5 – JURY INSTRUCTIONS

## Instruction No. 6

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## Instruction No. 7

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Instruction No. 8

# PLAINTIFF'S CLAIM: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Nnenna Lewis, a consumer, has sued Defendant Harrington, Anderson & Deblasio, LLC, a debt collector, under the Fair Debt Collection Practices Act (FDCPA). The FDCPA is a federal statute that regulates the collection of certain consumer debts by debt collectors. The FDCPA's purpose is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## Instruction No. 9

## ELEMENTS OF PLAINTIFF'S CLAIM

In order to succeed on her FDCPA claim and recover damages, Plaintiff must prove the following by a preponderance of the evidence:

1) Defendant used a means to collect or attempt to collect a debt from Plaintiff; and

2) That means was unfair or unconscionable.

In this case, the word "means" refers to the steps Defendant took to send notices of garnishment to Plaintiff. "Unfair" means "marked by injustice, partiality, or deception." "Unconscionable" means "having no conscience"; "unscrupulous"; "showing no regard for conscience"; or "affronting the sense of justice, decency, or reasonableness."

Remember that this case is about whether Defendant's means of collecting or attempting to collect a debt from Plaintiff were unfair or unconscionable. In answering this question, you should not consider whether Plaintiff actually owed a debt to Defendant or anyone else.

**Instruction No. 10**

## OREGON LAW REGARDING SERVICE OF A NOTICE OF GARNISHMENT

Oregon law provides as follows with respect to serving a notice garnishment:

(1)  Following delivery of a writ of garnishment to a garnishee, the person who delivered the writ must mail or deliver promptly the following documents to the debtor whose property is being garnished by the writ:

    (a)  A copy of the writ of garnishment;

    (b)  The original of the debt calculation form;

    (c)  A notice of exemptions form;

    (d)  A challenge to garnishment form.

(2)  A person serving a writ of garnishment may meet the requirements of subsection (1) of this section by mailing the documents to the address of the debtor that appears in the writ of garnishment. If an address for the debtor does not appear in the writ, the person serving the writ need not comply with subsection (1) of this section.

In this case, plaintiff's employer, Self Enhancement, Inc., was garnished and is therefore the "garnishee." Plaintiff is the "debtor."

## Instruction No. 11

## OREGON LAW REGARDING A DEBTOR'S RIGHT TO CHALLENGE GARNISHMENT

A challenge to a writ of garnishment issued to the debtor's employer may be challenged by the debtor within 120 days after a copy of the writ of garnishment is delivered to the debtor, if the challenge is based on an exemption that is claimed for wages earned by the debtor from that employer. In this case, Plaintiff did not issue any challenge to any writ of garnishment issued to Self Enhancement, Inc.

Instruction No. 12

## ACTUAL DAMAGES

If you find that the Plaintiff has proved her claim, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. "Damages" means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury that you find the Defendant caused. If you find that Plaintiff has not proved her claim, you must not award Plaintiff any damages.

If you find that Plaintiff has proved her claim, you must determine whether Defendant's violation of the FDCPA caused Plaintiff to suffer any damages on account of emotional distress, humiliation, or mental suffering. If you determine that Plaintiff has suffered damages, you must determine what dollar amount will compensate her. Your damages award must be based on evidence, and not upon speculation or guesswork.

By instructing you on damages, the Court does not mean to suggest that your verdict should favor one party or another.

Instruction No. 13

## STATUTORY DAMAGES UNDER THE FDCPA

In addition to actual damages caused to Plaintiff, the FDCPA allows Plaintiff to recover an additional award in an amount deemed suitable, but not to exceed $1,000. You may award Plaintiff any amount of additional damages up to $1,000 that you deem suitable, or no additional damages at all. You may award these additional damages even if you decide that Plaintiff did not suffer any actual damages. In determining whether to award additional damages, you should consider the following:

1) The frequency and persistence of Defendant's use of unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff;

2) The nature of the unfair or unconscionable means that Defendant used to collect or attempt to collect a debt from Plaintiff; and

3) Whether Defendant's use of unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff was intentional.

Remember that, if you find that Plaintiff has not proved her claim, you must not award Plaintiff any damages at all.

## Instruction No. 14

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. The presiding juror has no greater say or vote than any other juror.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

During your deliberations you must not communicate with or provide information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the internet, or any internet service to communicate to anyone any information about this case, or to conduct any research about this case, until I accept your verdict.

Instruction No. 15

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## Instruction No. 16

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.